UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.

BILLY J. REINHARDT,

      Plaintiff,

v.

CRUISE OPERATOR, INC. d/b/a
Bahamas Paradise Cruise Line

      Defendant.
_____/

## COMPLAINT

Plaintiff BILLY J. REINHARDT sues CRUISE OPERATOR, INC. d/b/a Bahamas Paradise Cruise Line ("BPCL") and alleges as follows:

### PARTIES, JURISDICTION, VENUE AND GENERAL ALLEGATIONS

1. This is an action for damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. Plaintiff BILLY J. REINHARDT ("Mr. Reinhardt") was and is a United States citizen domiciled in Florida.

3. At all times material, Mr. Reinhardt was a paying passenger on the vessel *Grand Celebration* during a voyage that began on August 29, 2017. BPCL is in possession of a copy of his ticket or exemplar ticket.

1

4.      Defendant CRUISE OPERATOR, INC. d/b/a Bahamas Paradise Cruise Line ("BPCL") was and is a Bahamian corporation with its principal place of business located in Palm Beach, Florida.

5.      At all times material, BPCL owned, operated, managed, maintained or controlled the vessel *Grand Celebration* and managed or controlled the vessel's agents or employees.

6.      At all times material, BPCL was engaged in the business of and was paid for providing the public, including Plaintiff, vacation cruises aboard the *Grand Celebration*.

7.      This Court has jurisdiction over BPCL because at all times material its principal place of business was located in Florida.

8.      Venue is proper in the Southern District of Florida because BPCL maintains its principal place of business in Riviera Beach, Florida.  Further, upon information and belief, pursuant to the ticket contract issued for the cruise in question, suit must be brought in the United States District Court for the Southern District of Florida in Broward County.

9.      All conditions precedent to the institution of this action have been satisfied or otherwise excused.

10.     On or about August 30, 2017, Mr. Reinhardt participated in an excursion offered and purchased from BPCL.  The excursion was named Luxury Day Sailing ("the Excursion") which consisted of a day of sailing then spending time on a beach.  On that beach, participants of the Excursion have access to a floating obstacle course and trampoline in the water.  On this day, Mr. Reinhardt attempted to reach the obstacle course by moving from the trampoline onto the obstacle course and in so doing slipped and fell backwards causing broken vertebrae and ruptured discs.

11.     The Excursion was organized and staffed by actual and/or apparent agents or employees of BPCL and was part and parcel of the cruise and cruise experience.

12. At all times material, Defendant BPCL exercised control over the operation of the Excursion or the individuals who conducted the Excursion.

13. Prior to the date of the incident, BPCL promoted, vouched for, or recommended the Excursion to passengers on the *Grand Celebration* including Mr. Reinhardt using BPCL's website and phone operators. BPCL's phone operators instructed Mr. Reinhardt to purchase the Excursion while aboard the ship, which he did.

## AGENCY

14. In addition or in the alternative, BPCL as principal, in practice consented to the Excursion operators acting as its agent with respect to the excursion at issue in this case. The Excursion operators, as agent, similarly consented to act on behalf of BPCL to operate the excursion at issue in this case, conduct inspections and ensure compliance with BPCL brand standards. BPCL has and had control or the right to control the Excursion operators in the execution of their duties through BPCL's own procedures, policies and standards. The Excursion operators have actual authority, express or implied, to act on behalf of BPCL with respect to the operation of the beach excursion in question and the execution of all their duties.

## APPARENT AGENCY

15. In addition or in the alternative, the Excursion operators were the apparent agents of BPCL as principal. The Excursion operators were acting within the scope of their apparent authority as a cruise excursion operator at all relevant times. The Excursion operators were an apparent agent of BPCL because their words and conduct caused Plaintiff to believe that they were an agent of and had authority to act for BPCL with respect to the operation of the shore excursion. Plaintiff justifiably relied upon that belief when he booked his excursion and paid BPCL. Specifically, Mr. Reinhardt went on the shore excursion under a justifiable belief that it was an BPCL excursion.

Mr. Reinhardt believed that the excursion would follow industry and BPCL standards because it had the BPCL brand behind it.

## COUNT I
## NEGLIGENCE AS TO BPCL

16. Plaintiff reincorporates and re-alleges Paragraphs 1-14.

17. BPCL owed a duty to Mr. Reinhardt to exercise reasonable care in planning, organizing and supervising the Excursion. Further, BPCL owed Mr. Reinhardt a duty to provide reasonable care, crew, agents, and contracts under the circumstances and to hire, select and maintain competent and trained staff.

18. BPCL breached its duty to Plaintiff in one or more of the following ways:

    a. Failing to adequately provide pre-excursion instructions to participants of the Excursion;

    b. Failing to supervise the operation of the water obstacle course or provide proper personnel for the water obstacle course; and

    c. Failing to warn of dangers it knew or should have known were associated with the obstacle course.

19. Defendant BPCL knew or should have known in the exercise of reasonable care that the Excursion was not suitable for passengers who had never encountered such an obstacle course or had little to no experience doing so. Despite this knowledge, Defendant failed to take reasonable steps to address the dangers or warn Plaintiff of the dangers.

20. As a direct and proximate result of BPCL's negligence, Mr. Reinhardt suffered severe personal injuries. These injuries were foreseeable and a natural and probable consequence of BPCL's negligence.

WHEREFORE, Plaintiff BILLY J. REINHARDT demands judgment against BPCL for compensatory damages, interest and costs associated with bringing this action.

## COUNT II
## NEGLIGENT SELECTION AND HIRING AGAINST BPCL

21. Plaintiff reincorporates and re-alleges Paragraphs 1-14.

22. In addition or in the alternative, BPCL had a duty to employ a competent and careful contractor to perform any duty which BPCL owes to third persons. *See Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011).

23. BPCL entered into a contract for the Excursion operators to provide beach excursion services.

24. The excursion operator was unfit or incompetent to provide excursion services and BPCL knew or reasonably should have known of its lack of fitness. The Excursion operator failed to warn Mr. Reinhardt of dangers it knew or should have known existed at the time of the excursion.

25. BPCL had a duty to employ competent and careful contractors and failed to do so in one or more of the following ways:

   a. Failing to properly vet the Excursion operators.;

   b. Failing to investigate the Excursion operator's safety record; and

   c. Failing to investigate the Excursion operator's policies and procedures as they pertain to excursion participants' safety.

26. As a direct and proximate result of BPCL's negligent selection and hiring, Mr. Reinhardt suffered significant personal injuries. The injuries were a foreseeable, natural and probable consequence of BPCL's negligence.

WHEREFORE, Plaintiff BILLY J. REINHARDT demands judgment against BPCL for compensatory damages, interest and costs associated with bringing this action.

## COUNT III
## VICARIOUS LIABILITY AGAINST BPCL (AGENCY)

27. Plaintiff reincorporates and re-alleges Paragraphs 1-14.

28. BPCL and the excursion operator are engaged in an agency relationship as alleged in Paragraph 13.

29. The Excursion operator had a duty to exercise reasonable care in the operation of the shore excursion in question.

30. The Excursion operator breached that duty in one or more of the following ways:

   a. Failing to adequately provide pre-excursion instructions to participants of the Excursion;

   b. Failing to supervise the operation of the water obstacle course or provide proper personnel for the water obstacle course; and

   c. Failing to warn of dangers it knew or should have known were associated with the obstacle course.

31. As a direct and proximate result of the excursion operator's negligence, Mr. Reinhardt suffered significant personal injuries. The injuries were a foreseeable, natural and probable consequence of the shore excursion company's negligence.

WHEREFORE, Plaintiff BILLY J. REINHARDT demands judgment against BPCL for compensatory damages, interest and costs associated with bringing this action.

## COUNT IV
## VICARIOUS LIABILITY AGAINST BPCL (APPARENT AGENCY)

32. Plaintiff reincorporates and re-alleges Paragraphs 1-14.

33. Defendant BPCL and the Excursion operator are engaged in an apparent agency relationship as alleged in Paragraphs 14.

34. BPCL is liable for the acts and omissions of its apparent agents. *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

35. The Excursion operator owed Mr. Reinhardt a duty to exercise reasonable care under the circumstances. The shore excursion company's duty includes a duty to warn passengers, such as Mr. Reinhardt, of dangerous conditions of which they had actual or constructive knowledge.

36. Despite these duties, the Excursion operator failed to take reasonable precautions for the safety of Mr. Reinhardt in one or more of the following ways:

    a. Failing to adequately provide pre-excursion instructions to participants of the Excursion;

    b. Failing to supervise the operation of the water obstacle course or provide proper personnel for the water obstacle course; and

    c. Failing to warn of dangers it knew or should have known were associated with the obstacle course.

37. As a direct and proximate result of the excursion operator's negligence, Mr. Reinhardt suffered significant personal injuries. The injuries were a foreseeable, natural and probable consequence of the shore excursion company's negligence. BPCL, as apparent principal is liable for all damages to which Mr. Reinhardt is entitled.

WHEREFORE, Plaintiff, BILLY J. REINHARDT, demands judgment against BPCL for compensatory damages, interest and costs associated with bringing this action.

## **DAMAGES**

Plaintiff, BILLY J. REINHARDT, sustained pain and suffering, mental anguish, emotional distress, permanent injury, incurred medical expenses and has sustained loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

Plaintiff's injuries and related damages were caused by the negligence of CRUISE OPERATOR, INC. d/b/a Bahamas Paradise Cruise Lines, or its agents or apparent agents.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: January 9, 2018

        Respectfully submitted,

        By:/s/ Robert L. Parks
        Robert L. Parks
        Florida Bar No. 61436
        bob@rlplegal.com
        ana@rlplegal.com
        Gabriel Garay
        Florida Bar No. 103303
        gabe@rlplegal.com
        **THE LAW OFFICES OF**
        **ROBERT L. PARKS, P.L.**
        799 Brickell Plaza, Suite 900
        Miami, Florida 33131
        Tel: (305) 445-4430
        Fax: (305) 445-4431

        *Counsel for Plaintiff, Billy J. Reinhardt*